# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Thomas Crawford, :

    Plaintiff : Civil Action No. 2:15-cv-2438

       -vs- : Judge Algenon Marbley

Columbus State Community College, et al., : Magistrate Judge Vascura

    Defendants :

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF SUBMISSION OF PROPOSED CAUSATION INSTRUCTION AND MODIFICATION OF SPECIAL JURY INTERROGATORIES

Plaintiff has been supplied with the Court's draft of jury instructions, and Special Interrogatories to the jury.

The Court's proximate cause instruction tracks the basic language which would be applicable if the Plaintiff's claim, and the evidence, supported only a binary decision of the jury, i.e., only a single Defendant's conduct is alleged to have resulted in injury. This is magnified in the Special Interrogatories, in which the jury is asked as to each Defendant, independently, if his or her actions were "*the* proximate cause" of Plaintiff's injury.

The record evidence in this case, however, is that there could have been more than one cause of the Plaintiff's injury.

As this Court knows, Defendant Hailu led the Search Committee that presented the final "recommendation" for the hiring of Baretto to Defendant Schneider and Allyson Todd. Schneider has testified that both she and Todd jointly made the decision to

recommend Baretto to Jack Cooley. Cooley has testified that he "affirmed" the decision of the two Deans. Schneider has denied that she was even aware of Tom Crawford's application.

The record evidence would thus allow the jury to find, in the absence of the language proposed in Plaintiff's proposed jury instruction on more than one cause, and refined below, that neither Defendant's conduct proximately caused Tom Crawford's injury in the loss of the job because (1) Jack Cooley, not a defendant, made the final decision; or, (2) Allyson Todd, not a defendant, in the alternative, was the decisionmaker, or both.

Further, the evidence is that either Defendant's independent conduct could have been the proximate cause, thus relieving the other of responsibility.

The Court's draft instruction, coupled with the "*the* proximate cause" question in each Special Interrogatory, as framed, could lead the jury to error in one of two ways. First, it could be read by the jury as requiring a verdict for each Defendant because that Defendant did not have the final say in the hiring of Baretto. Second, even if the jury did not take that reading, the term "the proximate cause" in the separate Special Interrogatories could well be interpreted by the jury as precluding them from finding against both Defendants, but only one.

Were the undersigned representing the Defendants, he would make sure in closing argument the jury was aware that his clients, individually and jointly, did not make the final decision resulting in Baretto's hiring. On the present language, the jury could well

take that as a direction that the Defendants must be exonerated, as their actions were not *the* proximate cause of the loss of the job.

Plaintiff submits the following language be included in the Court's instruction on Causations, as the last sentence, in order to make clear that either or both Defendants may be found liable despite the actions of the other non-parties:

> If your finding is that either or both Defendants' actions in the hiring process were motivated by retaliation, but that a reasonably prudent person would not have foreseen the final choice as a probable consequence of that Defendant's actions, then that Defendant is not responsible for Plaintiff's damages, and your verdict should be for that Defendant.[1]

Actions under Section 1983 are tort claims in federal dress. The Court looks to the common law, particularly in causation, for the appropriate analysis.

Thus, in *Paige v. Conyer,* 614 F.3d 273 (6th Cir. 2010), a First Amendment retaliation case, Paige asserted that Conyer, in retaliation for Paige's comments opposing a government initiative, called Paige's employer, causing the employer to terminate her employment. Conyer was Director of the Warren County Office of Economic Development, which backed the initiative. *Id.,* at 276. The employer was *not* a party to case.

In returning the case to the District Court after dismissal, the Court stated that:

> [C]ourts have framed the § 1983 proximate-cause question as a matter of foreseeability, asking whether it was reasonably foreseeable that the complained of harm would befall the § 1983 plaintiff as a result of the defendant's conduct. *Even if an intervening third party is the immediate trigger for plaintiff's injury, the defendant may still be proximately liable, provided that the third party's actions were foreseeable.*

---
[1] This language tracks with Devitt & Blackmar

*Id.,* at 281, quoting *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 609 (6th Cir.2007) (emphasis added)

This language recognizes that "[A]s in all § 1983 cases, the plaintiff must prove that the defendant's action was *a proximate cause* of the plaintiff's injury." *Gierlinger v. Gleason*, 160 F.3d 858, 872 (2d Cir. 1998) (citing *Martinez v. California*, 444 U.S. 277, 285, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980)); *Garnett v. Undercover Officer C0039,* 838 F. 3d 265, 272 (2nd Cir. 2016) (Section 1983 claim requires proof that the defendant's conduct was a proximate cause).

As to the correct instruction under such circumstances, this Court should look to the common law [*Carey v. Piphus,* 435 U.S. 247, 257-58 (1978)], and to *Paige* which makes clear that the instruction in that case would have required the jury be instructed on the proximate cause issue as framed therein.

The Supreme Court of Ohio addressed this specific issue in *Murphy v. Carrolton,* 61 Ohio St. 3d 585 (1991) – and the Court's analysis of the common law must be a guide for this Court. There, Plaintiff in a workers compensation death case that had gone to trial appealed the trial Court's refusal to give the "dual causation" jury instruction. Plaintiff asserted that the charge requiring the jury to find that the company was "*the* proximate cause" of the death failed to account for the evidence that other medical factors contributed to the decedent's death and required the jury to find for the company because those factors were *also* proximate causes of the death. So found the jury.

In reversing, the Supreme Court stated that

> It is a well-established principle of tort law that an injury may have more than one proximate cause. See Prosser and Keeton, Law of Torts (5 Ed.1984) 266-268, Section 41; 2 Restatement of the Law 2d, Torts (1965) 432, Section 433; 1B Larson, Law of Workers' Compensation (1991) 7-612 to 7-941, Section 41.64; 1 Ohio Jury Instructions (1988) 183, Section 11.10 ("There may be more than one proximate cause."). Ohio case law also supports this fundamental tenet of tort law: "In Ohio, when two factors combine to produce damage or illness, each is *a proximate cause*." Norris v. Babcock & Wilcox Co. (1988), 48 Ohio App.3d 66, 67, 548 N.E.2d 304, 305.
>
> *Id.,* at 587-88 (emphasis added)

The Supreme Court held that it was error for the trial Court to deny the Plaintiff the dual causation instruction, though the only defendant was the employer.

This concept is hardly new:

> We are not saying that there could not be situations where a judge was so deceived and hoodwinked by proceedings brought before him that certain of these preliminary acts might not raise themselves to the status of *a proximate cause of an injury*, notwithstanding the intervening order of the court. There might be situations where the action of the court became in substance, merely a conduit for the wrongful action which preceded.
>
> *Hoffman v. Halden*, 268 F.2d 280, 297 (9th Cir. 1959) (emphasis added)

In the instant case, given the facts, the acts of Cooley and Todd [and, depending on the jury's assessment of Schneider, her actions] were, like those in *Hoffman,* merely a conduit for the ultimate consequence of the retaliatory exclusion of Tom Crawford's name as the successful candidate.

Plaintiff respectfully submits that the Court must give the "dual causation" instruction, and must amend the language of the Special Interrogatories from "*the* proximate cause" to "*a* proximate cause" in order that the jury not be led into error.

Respectfully submitted,

/s/ Michael Garth Moore
Michael Garth Moore (0025047)
341 South Third Street Suite 100-204
Columbus, Ohio 43215
Telephone 888-318-0075
mike@mgmoorelaw.com

Trial Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2018, a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Michael Garth Moore
Michael Garth Moore (025047)
*Attorney for Plaintiff*